IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD L. THOMAS, ) | |
| No. S12262, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00687-MJR |
| ) | |
| JEFFREY PARKER, and ) | |
| RONALD VITALE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Gerald L. Thomas is an inmate currently housed in Southwestern Illinois Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to being stripped of his prison job and transferred to a more restrictive part of the prison after reporting illegal activity by a prison official.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in February 2015 Plaintiff wrote letters to Warden Jeffrey Parker, Assistant Warden Ronald Vitale and the Internal Affairs Department regarding Vitale's "illegal activities" Vitale involving another inmate (allowing contraband into the prison, among other things). Within days, at the direction of Assistant Warden Vitale, and with the knowledge and approval of Warden Parker, Plaintiff was fired from his prison job and transferred from the work camp to a more restrictive part of the prison. Plaintiff contends those actions were retaliatory.

Based on the allegations in the complaint, the Court perceives the following overarching claim.

> **Count 1: Defendants Parker and Vitale fired Plaintiff from his prison job and transferred him to more restrictive housing in retaliation for Plaintiff exercising his right under the First Amendment—all in violation of the First Amendment.**

## Discussion

"To state a First Amendment claim for retaliation, a plaintiff must allege that '(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.'" *Perez v. Fenoglio*, __F.3d __, 2015 WL 4092294, at *10 (7th Cir. July 7, 2015) (quoting *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009)).

Based on documentation attached to the complaint, at this early juncture it appears that Plaintiff was engaged in activity protected under the First Amendment. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (a letter informing prison officials of a matter of public issue or concern is protected by First Amendment). Furthermore, being stripped of a job and placed in a more restrictive environment could certainly satisfy the other requirements for a colorable

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against Defendants **JEFFREY PARKER and RONALD VITALE**.

The Clerk of Court shall prepare for Defendants **JEFFREY PARKER and RONALD VITALE** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** or further pre-trial proceedings, including Plaintiff's for the recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 11, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**
